```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FRANK BARBARO,                           :
                         Plaintiff,      :
                                         :    05 Civ. 6998 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
UNITED STATES OF AMERICA ON BEHALF OF    :         & ORDER
THE FEDERAL BUREAU OF PRISONS FCI        :
OTISVILLE, WITH THE FOLLOWING NAMED      :
PRISON OFFICIALS WHO ARE BIVENS          :
DEFENDANTS: M.E. RAY; HARRELL WATTS;     :
DR. SUNDARIN; DR. GENOVESE; DR.          :
WILLIAMS; P.A. HUGO SANCHEZ; and JANE    :
VANDER HEYWRIGHT,                        :
                         Defendants.     :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Joshua Dick
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

For Defendants:
Peter M. Skinner
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

   Plaintiff Frank Barbaro ("Barbaro") filed this Federal Tort

Claims Act ("FTCA") and Bivens action to recover for the

defendants' failure to treat certain pre-existing injuries while

he was incarcerated at the Federal Correctional Institution in

Otisville, New York between January 1998 and December 2003.  An Opinion of October 30, 2007 ("2007 Opinion") dismissed as time-barred any FTCA claims based on events occurring before March 1, 2002, as well as any Bivens claims based on events occurring before August 5, 2002.[1]  Barbaro v. United States, 521 F. Supp. 2d 276 (S.D.N.Y. 2007).  Pursuant to 28 U.S.C. § 1292(b), Barbaro has now moved to certify an immediate appeal from the 2007 Opinion.  The motion for certification is denied.

Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b) (emphasis supplied); Casey v. Long Island R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005).  This statute is to be narrowly construed, as "the power to grant an interlocutory

---

[1] The 2007 Opinion revisited the statutes of limitations rulings made in an Opinion of October 10, 2006 ("2006 Opinion"), which had similarly granted in part the defendants' motion to dismiss the Complaint.  Upon newly appointed counsel's request, Barbaro, who began this action pro se, was granted a second opportunity to oppose the defendants' motion to dismiss and to seek to restore the years that had been excluded from the action by the 2006 Opinion.  The 2007 Opinion addressed Barbaro's subsequent renewed opposition to the defendants' motion to dismiss.

2

appeal must be strictly limited to the precise conditions stated in the law." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted). It, therefore, "continues to be true that only 'exceptional circumstances'" warrant certification. Id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Specifically, Barbaro identifies for certification two issues which the 2007 Opinion decided in the affirmative: (1) whether a plaintiff who asserts an FTCA claim for the aggravation of existing injuries must point to a distinct act of negligence to extend the claim's accrual, even where a defendant's inaction forms the basis of the claim; and (2) whether the continuing violation doctrine is inapplicable to a Bivens claim alleging deliberate indifference to the plaintiff's medical needs, in violation of the Eighth Amendment. Neither question presents the exceptional circumstances needed to satisfy all three conditions set forth in § 1292(b).

The extent to which either issue constitutes "a controlling question of law" in this case is arguable. But, Barbaro has not shown that an immediate appeal of either question would materially advance the ultimate termination of this litigation. Moreover, he has not shown that there is substantial ground for a difference of opinion with respect to either question.

An immediate appeal will not bring this case materially closer to its conclusion, and will very likely delay the termination of this already lengthy litigation. If the holdings in the 2007 Opinion are adopted by the Second Circuit, then the plaintiff will only have achieved a delay in his trial. If the holdings are rejected, then further discovery must take place before trial. Barbaro argues that an immediate appeal and his success on appeal will obviate the need for a second trial. But, that is true with respect to virtually every case in which a trial court has made a legal ruling either before or during trial that is reversed on appeal. The customary appellate process following entry of a final judgment is sufficient to protect Barbaro's rights regarding these legal issues. Finally, as the Government correctly observes, there may even be outcomes during the litigation of the remaining claims that render Barbaro's time-barred claims moot.

There is also no sufficient showing of a substantial ground for a difference of opinion on either legal question. As the 2007 Opinion explained, although the Second Circuit has not addressed the need for a distinct act of negligence in the context of the FTCA, it has addressed it in the context of the Federal Employers' Liability Act (FELA) in Mix v. Delaware & Hudson Ry. Co., 345 F.3d 82, 91 (2d Cir. 2003). See Barbaro, 521 F. Supp. 2d at 278. The Second Circuit in Mix also noted

the overlap in the development of the accrual rules under the FTCA and FELA. Mix, 345 F.3d at 86. Barbaro's efforts to undermine the strength of this precedent are unavailing.

As for the Bivens claim, the Second Circuit held in Mix that the continuing violation doctrine is inconsistent with the discovery rule and, therefore, inapplicable to FELA claims. See Mix, 345 F.3d at 88. As the 2007 Opinion explained, that same reasoning applies to Bivens claims, which are also governed by the discovery rule. See Barbaro, 521 F. Supp. 2d at 281. Moreover, the 2007 Opinion relied on recent Supreme Court authority to confirm its analysis: Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and Ledbetter v. Goodyear Tire & Rubber Co., --- U.S. ----, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007). Barbaro's efforts to cast doubt on this reasoning rely on cases which either predate or do not confront this precedent.

CONCLUSION

The plaintiff's November 28, 2007 motion for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b) is denied.

SO ORDERED:

Dated: New York, New York
February 21, 2008

DENISE COTE
United States District Judge

5