```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FRANK BARBARO,                           :
                    Plaintiff,           :
                                         :    05 Civ. 6998 (DLC)
          -v-                            :
                                         :    OPINION & ORDER
UNITED STATES OF AMERICA ON BEHALF OF    :
THE FEDERAL BUREAU OF PRISONS FCI        :
OTISVILLE, WITH THE FOLLOWING NAMED      :
PRISON OFFICIALS WHO ARE BIVENS          :
DEFENDANTS: M.E. RAY; HARRELL WATTS;     :
DR. SUNDARIN; DR. GENOVESE; DR.          :
WILLIAMS; P.A. HUGO SANCHEZ; and JANE    :
VANDER HEYWRIGHT,                        :
                    Defendants.          :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Joshua Dick
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

For Defendants:
Peter M. Skinner
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Frank Barbaro ("Barbaro") filed this action to recover for the defendants' failure to treat certain pre-existing injuries while he was incarcerated at the Federal Correctional Institution ("FCI") in Otisville, New York. The

action currently consists of medical malpractice claims against the United States under the Federal Tort Claims Act ("FTCA"), as well as Bivens claims against several named officials for deliberate indifference to Barbaro's medical needs, in violation of the Eighth Amendment. Defendants M.E. Ray, Harrell Watts, Dr. Kali Sundaram, and Dr. Maryann Genovese (together, the "individual defendants") have moved for summary judgment on the Bivens claims. For the reasons stated below, summary judgment is granted to the individual defendants. The plaintiff's motion for a continuance pursuant to Federal Rule of Civil Procedure 56(f) is dismissed as moot.

BACKGROUND

Barbaro was injured in an automobile accident before becoming an inmate in the custody of the Federal Bureau of Prisons ("BOP"). Between January 1998 and December 2003, Barbaro was housed at FCI Otisville, where he alleges the staff failed to provide him with the medical care he needed for his pre-existing injuries. Barbaro commenced this action on August 5, 2005, later amending his complaint on November 1, 2005. The defendants moved to dismiss the complaint, and their motion was

2

granted in part by Opinions of October 10, 2006 ("2006 Opinion") and October 30, 2007 ("2007 Opinion").[1]

The four individual Bivens defendants who remain in this action have now moved for summary judgment.[2] All four individuals were employed by the BOP during Babaro's incarceration at FCI Otisville. Drs. Genovese and Sundaram provided medical care to Barbaro when they worked at FCI Otisville. Ray and Watts were administrative officials involved in the prisoner grievance process: Ray served as Regional Director for the Northeast Region, and Watts was the Administrator of National Inmate Appeals in the BOP's General Counsel's Office ("Central Office").

---

[1] Upon newly appointed counsel's request, Barbaro, who began this action pro se, was permitted a second opportunity to oppose the defendants' motion to dismiss. The 2007 Opinion addressed Barbaro's renewed opposition to the defendants' motion to dismiss.

[2] The individual defendants first moved for summary judgment on January 24, 2007, soon after the 2006 Opinion was issued. Having granted Barbaro's newly appointed counsel's request to file a renewed opposition to the defendants' motion to dismiss, this Court denied the individual defendants' motion for summary judgment without prejudice to its renewal following a ruling on the reargued motion to dismiss. This Opinion addresses the defendants' renewed motion for summary judgment, which was identical to their original summary judgment motion and which they submitted shortly after this Court issued its 2007 Opinion.

DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

Drs. Genovese and Sundaram assert that they are entitled to judgment as a matter of law on statute of limitations grounds. Ray and Watts argue that they should be granted summary judgment because: (i) Barbaro did not exhaust his administrative remedies as required under the Prisoner Litigation Reform Act ("PLRA"); (ii) Ray and Watts were not personally involved in the constitutional violations that Barbaro has alleged; (iii) their actions did not violate the Eighth Amendment; and (iv) they are entitled to qualified immunity.

Barbaro has moved for a continuance to conduct further discovery pursuant to Federal Rule of Civil Procedure 56(f). He claims that the continuance is needed to oppose some, but not all, of Ray's and Watt's arguments for summary judgment.

I.  Genovese and Sundaram

The 2007 Opinion dismissed as time-barred, inter alia, any Bivens claims based on events occurring before August 5, 2002. Barbaro v. United States, 521 F. Supp. 2d 276 (S.D.N.Y. 2007). Drs. Genovese and Sundaram have each attested that they retired from the BOP in 2001 and, thus, were not responsible for any aspect of Barbaro's medical care on or after August 5, 2002. Barbaro does not dispute their contentions or oppose the defendants' motion. Summary judgment is, therefore, granted to Drs. Genovese and Sundaram.

II.  Ray and Watts

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); see 42 U.S.C. § 1997e(a). This prerequisite "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 127 S. Ct. at 914. "Consistent with PLRA objectives," therefore, "inmates must provide enough information about the conduct of which they complain to allow prison

5

officials to take appropriate responsive measures." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (citation omitted). But, "failure to exhaust is an affirmative defense under the PLRA," and "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" Jones, 127 S. Ct. at 921, 922-23.

The Administrative Remedy Program ("ARP"), which governs grievances of BOP inmates, requires that prisoners first seek informal resolution of their complaints and then, if such efforts fail or are otherwise excused, pursue a formal review process. See 28 C.F.R. § 542 et seq. To begin the formal process, an inmate must timely submit a written Administrative Remedy Request ("Request") (form BP-9) listing "a single complaint or a reasonable number of closely related issues." 28 C.F.R. § 542.14(c)(2). The Request is answered by the warden. If dissatisfied with the warden's response, the inmate may submit an appeal to the appropriate Regional Director (form BP-10). If the inmate is not satisfied with the Regional Director's response, he may appeal to the Central Office (form BP-11). The ARP provides that an "inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2).

Barbaro filed numerous Requests concerning his medical treatment, and he appealed some of these to the Regional

6

Director and Central Office.  Barbaro's <u>Bivens</u> claims against Ray and Watts, however, are based on their alleged failure properly to review and investigate Barbaro's appeals from the denial of his Requests concerning his medical care.  None of Barbaro's Requests, or his appeals from the denial of those Requests, however, suggests misconduct by the Central Office, where Watts was employed.  Barbaro therefore failed to exhaust his <u>Bivens</u> claim against Watts and Watts is granted summary judgment.

None of Barbaro's Requests or appeals on form BP-10 complained of Ray's conduct or any misconduct by the Regional Office, where Ray worked.  Four of Barbaro's many appeals to the Central Office could be read to suggest misconduct by the Regional Office,[3] where Ray worked.  Even so, those appeals do not satisfy the PLRA's exhaustion provision.  Barbaro was required by the ARP to submit any grievance first to the warden, and then to the Regional Office, before filing an appeal with the Central Office.  28 C.F.R. § 542.15(b)(2).  Although Barbaro was not required to name Ray in his grievances to satisfy the

---

[3] These were the appeals for Request Nos. 301327, 311891, 314310, and 315064.  For example, Barbaro's appeal to the Central Office for Request No. 311891 stated, "The responses to my admin. rem. attempts are a perversion of the truth and legal maneuvering for the purpose of obscuring criminal medical indifference."  In his appeal to the Central Office for Request No. 315064, Barbaro wrote that a "review of the [Northeast Regional Office] response exposes gross discrepancies with the truth."

7

exhaustion requirement, see Jones, 127 S. Ct. at 922-23, he was required to present his complaint about Ray's conduct or inaction to each of the three levels of review. Ray is therefore entitled to summary judgment due to Barbaro's failure to exhaust his administrative remedies.

Barbaro raises a single argument that merits further discussion. He argues that he diligently exhausted the grievance process in filing complaints about the inadequacy of his medical care and that he was not required to do more. Barbaro contends that the only appropriate venue for his complaints about the quality of the administrative review of his grievances is a court. Barbaro's argument is unavailing because it does not address his failure to give prison officials an opportunity to resolve his claims of misconduct by the Regional and Central Offices. Taken to its logical conclusion, every prisoner who has properly exhausted a claim regarding prison conditions could always add officials at the Regional and Central Offices to his lawsuit as defendants since a claim regarding inadequate review would be implied in every suit. This would defeat the purpose of the exhaustion rule and ignore the plain requirements of the ARP. The Supreme Court has made clear that the PLRA requires complete exhaustion, "which means using all steps that the agency holds out, and doing so

properly." Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006) (first emphasis added, citation omitted).

To the extent Barbaro exhausted his claims regarding medical care, those may be pursued through this litigation. To the extent Barbaro had separate complaints about the administrative review process, he was required to exhaust those as well. Having failed to do so, Barbaro is now barred from bringing those separate claims against Ray and Watts.[4]

Because Ray and Watts are entitled to judgment as a matter of law on the basis of Barbaro's failure to exhaust his administrative remedies, it is unnecessary to reach the three other grounds that the defendants have presented in support of their motion for summary judgment. In addition, because Barbaro does not claim that a continuance is needed to oppose Ray's and Watt's exhaustion argument, Barbaro's Rule 56(f) motion is dismissed as moot.

---

[4] The Second Circuit has held that an inmate's failure to exhaust may be excused if administrative remedies are effectively unavailable, if a defendant should be barred by estoppel from raising exhaustion as a defense, or if other "special circumstances" warrant such excusal. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). Whether these exceptions survive a recent Supreme Court holding requiring "proper exhaustion" of remedies, Woodford, 126 S. Ct. at 2387, is unclear. See Macias v. Zenk, 495 F.3d 37, 43 n.1 (2d Cir. 2007); Ruggiero v. County of Orange, 467 F.3d 170, 175-76 (2d Cir. 2006). It is unnecessary to reach that question, though, because Barbaro does not rely on any of the Hemphill exceptions to excuse his failure to exhaust.

Conclusion

The November 16, 2007 motion by defendants Ray, Watts, Sundaram, and Genovese for summary judgment is granted. The plaintiff's December 19, 2007 motion for a continuance pursuant to Federal Rule of Civil Procedure 56(f) is dismissed as moot.

SO ORDERED:

Dated:  New York, New York
        March 3, 2008

                                      DENISE COTE
                            United States District Judge